60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jack R. CAHALL, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7022.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Jack R. Cahall's appeal for lack of jurisdiction. The Secretary also moves for leave to file an overlong motion. Cahall opposes and moves for an extension of time, until May 15, 1995, to respond to the motion to dismiss. Cahall states that the Secretary does not oppose.
 
 
 2
 In 1989, Cahall filed a claim for entitlement to service connection for a back injury and a left ankle injury. The Board of Veterans Appeals denied his claims, finding that any injuries to Cahall's back that occurred during his military service were acute and transitory and did not cause residual disability. The Board also determined that Cahall did not demonstrate that he was on active duty or inactive duty for training at the time that he injured his ankle. The Court of Veterans Appeals affirmed the Board's decision and held that there was a plausible basis in the record for the factual findings of the Board. Cahall appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his brief, Cahall argues that certain medical and lay evidence should have been given more weight and that the denial of his entitlement to disability benefits was "arbitrary, capricious, and an abuse of discretion." Cahall also contends that he was deprived of his property interest in the benefits without due process of law, because the Board of Veterans Appeals relied on "unsubstantiated and disputed evidence" and ignored Cahall's claims and supporting arguments.* Cahall does not offer authority for the proposition that veterans disability benefits are a vested property interest.
 
 
 5
 In his response to the Secretary's motion, Cahall asserts that he contests "the BVA's interpretation of 38 U.S.C. Sec. 5107 and the BVA's failure to comply with 38 C.F.R. Secs. 3.102, 3.203 [and] 3.303." Cahall does not argue that the Court of Veterans Appeals misinterpreted a statute or regulation, but states that the court's "analysis is based on pure speculation contrary to its own regulations and jurisprudence." In essence, Cahall is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct the inquiry that Cahall seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion for leave to file an overlong motion is granted.
 
 
 9
 (3) The Secretary's motion to dismiss is granted.
 
 
 10
 (4) Cahall's motion for an extension of time is granted.
 
 
 11
 (5) Each side shall bear its own costs.
 
 
 
 *
 In his response to the Secretary's motion, Cahall explains that he intended to cite the Fifth Amendment rather than the Fourteenth Amendment as the basis for this argument